## Case No. 6,133.

### HARRISON et al. v. BOYD.

[4 Cranch, C. C. 199.] [1]

Circuit Court, District of Columbia. May Term, 1832.

INSOLVENCY—DISTRICT OF COLUMBIA — DISCHARGE OF DEBTOR—BAIL-BOND.

Quaere, whether a non-resident creditor is bound by the discharge of his debtor under the insolvent law of the District of Columbia, who had been arrested at his suit, but who, at the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

time of the discharge, was out upon a bail-bond to the marshal.

[Cited in Brook v. Brown. Case No. 1,931.]

The defendant [Daniel Boyd], having been discharged this morning under the insolvent act of the District of Columbia, Mr. R. S. Coxe, offered to appear for him without special bail.

C. Cox, for plaintiffs [Harrison and Sterret], said that they were non-resident creditors, and not bound by the defendant's discharge, inasmuch as he was not confined at their instance, at the time of his discharge. By the act of congress of the 6th of May, 1822 (3 Stat. 682), it is "provided that no discharge under this act, or the act to which it is amendatory, shall operate against any creditor residing without the limits of the District of Columbia, except the creditor at whose instance the debtor may be confined." Davis' Laws D. C. p. 362. The defendant had been arrested on a capias ad respondendum, at the suit of these plaintiffs, but had been discharged by the marshal from that arrest by giving an appearance bail-bond to the marshal, before his discharge under the insolvent act, so that at the time of his discharge he was not literally confined at the instance of these plaintiffs.

R. S. Coxe, contra, cited Clay v. Smith, 3 Pet. [28 U. S.] 411, and contended that a non-resident creditor, by making use of our court to compel payment had made himself a resident creditor quoad hoc; and the defendant having given bail, (it was only an appearance bond,) was thereby in confinement at the instance of these plaintiffs. He cited also the case of Ogden v. Saunders, 12 Wheat. [25 U. S.] 362–364, and Shaw v. Robbins, Id. 369, cited in a note to Ogden v. Saunders.

But THE COURT (THRUSTON, Circuit Judge, absent,) being divided in opinion, the motion to appear without bail—did not succeed.

CRANCH, Chief Judge, was of opinion that the plaintiffs, by bringing suit here, had not ceased to be "residing without the limits of the District of Columbia," within the meaning of the act of congress; nor could the defendant be considered as confined at the instance of these plaintiffs after he had given an appearance bail-bond whereby he was released from the custody of the marshal. His sureties in that bond had none of the rights and power of special bail, who receive the body of the debtor into their custody and keeping, and may even confine him if necessary.

MORSELL, Circuit Judge, thought that by bringing suit here, the plaintiffs were, for this purpose, to be considered as not residing out of the limits of the District of Columbia.

C. Cox, for plaintiffs, also cited the case of Harrison v. Gales [Case No. 6,136], special bail of Gilbert C. Russell, in this court at December term, 1828, and Farrow v. Brown [Id. 4,689], special bail of Russell, at the

same term; where the plaintiff was a resident of Virginia at the time of Russell's discharge under the insolvent act of this district, and had then a suit against Russell, pending in this court, for his debt; in which case a majority of this court, namely, Cranch, C. J., and Thruston, J., refused to relieve the bail on the ground of Russell's discharge under the act.